IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE MARTYNUSKA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-0265 |
| NATIONAL PAYMENT RELIEF, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The Plaintiff Steve Martynuska asserts claims against the Defendants National Payment Relief, LLC, Alberto Artasanchez, Rosalie Bucci, and John Does 1-10 ("Unknown Eviction/Cleaner Company and Employees")[1] (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301, *et seq.* via the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.*, and the Maryland Mortgage Fraud Act, Md. Code Ann., Real Prop. § 7-401, *et seq.* Pending before this Court are Defendant Rosalie Bucci's Motion to Dismiss for Insufficiency of Service of Process or in the Alternative for Lack of Personal Jurisdiction (ECF No. 22), Defendant Alberto Artasanchez's Motion to Dismiss for Insufficiency of Process or in the Alternative for Lack of Personal Jurisdiction (ECF No. 36), Defendant Rosalie Bucci's Motion for Leave to File a Reply Brief (ECF No. 37), and the Plaintiff's

---

[1] The Plaintiff originally also named Re/Max Results, Inc., but that Defendant was voluntarily dismissed. *See* Stipulation of Dismissal, ECF No. 17.

Motion for Partial Summary Judgment (ECF No. 41).² The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendant Rosalie Bucci's Motion for Leave to File a Reply Brief (ECF No. 37) is GRANTED, Defendant Rosalie Bucci's Motion to Dismiss for Insufficiency of Service of Process or in the Alternative for Lack of Personal Jurisdiction (ECF No. 22) is DENIED, Defendant Alberto Artasanchez's Motion to Dismiss for Insufficiency of Process or in the Alternative for Lack of Personal Jurisdiction (ECF No. 36) is DENIED, and the Plaintiff's Motion for Partial Summary Judgment (ECF No. 41) is DENIED WITHOUT PREJUDICE.

## BACKGROUND

This Court accepts as true the facts alleged in the Complaint (ECF No. 2). *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). The Plaintiff Steve Martynuska is a Maryland resident and the owner of real property at 3830 Greenbridge Drive, Monrovia, Maryland (the "Property"). Compl. ¶ 5. Non-party Wendy Cottrell acted as his agent in the course of the transactions giving rise to this case. *Id.* ¶ 5. Defendant National Payment Relief, LLC ("National Payment Relief") is a Pennsylvania limited liability company that purchases defaulted mortgages and provides financial advice to the mortgagors in default. *Id.* ¶ 6. National Payment Relief has never been licensed in Maryland as a mortgage lender or collection agency. *Id.* Defendant Alberto Artasanchez is a New Jersey resident who is a

---
² Also listed on this Court's docket as pending are the Plaintiff's Motion to Consolidate Cases (ECF No. 6) and Motion for Alternative Service on Alberto Artasanchez (ECF No. 18). Both these Motions were originally filed in the Circuit Court for Frederick County, Maryland. The Frederick County Circuit Court granted the Motion for Alternative Service (ECF No. 38-2). Also, the foreclosure case that the Plaintiff seeks to consolidate with this case has been dismissed and is now closed. Therefore, both of these Motions as filed in this Court (ECF Nos. 6 & 18) are MOOT.

2

managing member of National Payment Relief. *Id.* ¶ 7. Artasanchez directs National Payment Relief's day-to-day operations, including foreclosures, acquisition of mortgage notes, evictions, and selling of properties. *Id.* ¶ 7. Defendant Rosalie Bucci is also a member of National Payment Relief. *Id.* Non-party Re/Max Results, Inc. (Re/Max) is a Maryland corporation licensed as a realtor. *Id.* ¶ 8.

The Property is subject to a first and second mortgage. The Plaintiff suffered financial hardship and the last payment he made on the second mortgage lien was applied to an installment due in 2011. *Id.* ¶ 44. As a result, Martynuska sought to modify the first and second mortgage liens on the Property. *Id.* ¶ 40.

National Payment Relief acquired the Plaintiff's second mortgage and associated Deed of Trust on January 26, 2012, when the Plaintiff was in default on the second mortgage. *Id.* On or about July 24, 2012, National Payment Relief and Artasanchez directed non-parties attorney Cindy Diamond and her firm, Rosen Hoover P.A., to send Martynuska a Notice of Intent to Foreclose in an attempt to collect on the second mortgage. *Id.* ¶ 47. Martynuska alleges that National Payment Relief, Artasanchez, and Bucci participated in scheme to conceal the foreclosure proceeding while feigning negotiation with Martynuska. *Id.* ¶¶ 48-50. Beginning in September of 2012, Bucci requested information and payment several times from Martynuska's agent, Cottrell, in order to stop National Payment from proceeding with a foreclosure sale. *Id.* However, on or about September 28, 2012, National Payment Relief and Artasanchez authorized Diamond and Rosen Hoover P.A. to file a foreclosure action against the Plaintiff and the Property in the Circuit Court for

Frederick County, Maryland.³ *Id.* ¶ 48. The Plaintiff alleges that National Payment Relief, Bucci, and Artasanchez continued to negotiate with him as an alternative to foreclosure with the intent to prevent him from requesting mediation, a stay, or a dismissal of the foreclosure proceeding before the Defendants could effect a foreclosure sale. *Id.* ¶ 49. Although the Defendants and their agents communicated extensively with the Plaintiff, he contends that no one ever told him that National Payment Relief had conducted a foreclosure sale on March 12, 2013. *Id.* ¶ 50.

He alleges that the Defendants knowingly tricked him into paying money that National Payment Relief was not entitled to collect. *Id.* ¶ 51. After the foreclosure sale, the Plaintiff alleges that National Payment Relief, through its agents Artasanchez, Bucci, Re/Max, and the Unknown Eviction/Cleaner Company illegally evicted him from the Property on or before May 6, 2013 and illegally seized his personal property. *Id.* ¶ 52. Re/Max then listed the Property for sale. *Id.* ¶ 59. Thereafter, Bucci requested payment from Martynuska to redeem the Property, even though the Plaintiff alleges that she knew this was illegal. *Id.* ¶ 49. The attorney/plaintiff in the foreclosure case, Diamond, denied knowledge of the eviction. *Id.* ¶ 53. The Plaintiff was unable to ascertain the identity of the Unknown Eviction/Cleaner Company from Re/Max or National Payment Relief. *Id.* ¶ 63.

Martynuska alleges that on March 14, 2013, just after the Property was sold, he reached a "sustainable modification" with the holder of his first mortgage lien, J.P. Morgan Chase Bank, N.A. *Id.* ¶ 41. Then, on May 6, 2013, he alleges that an unknown individual

---

³ Diamond and Bruce D. Brown were the plaintiffs in the foreclosure case, and were consequently named as interested parties in this case upon the Plaintiff's Motion to Consolidate. Because Diamond and Brown dismissed the foreclosure case, they are no longer interested parties in the case in this Court.

pretending to be Martynuska contacted J.P. Morgan Chase by telephone and requested a payoff amount because, "I plan to short sale my home." *Id.* ¶ 64. The Plaintiff alleges that it was Artasanchez or another person associated with National Payment Relief who made this call, based on the fact that the call came from the same area code as that used by Artasanchez. *Id.*

The Plaintiff further alleges that the foreclosure action never had a ratified sale, National Payment Relief never paid the purchase price, and the Circuit Court for Frederick County never granted National Payment Relief the right to evict the Plaintiff and take possession of the Property. *Id.* ¶ 54-57. On June 3, 2013 Frederick County Circuit Court entered an Order granting Withdrawal of Report of Sale. ECF No. 9.

Martynuska alleges that Defendants National Payment Relief, Artasanchez, and Bucci acted as debt collectors against the Plaintiff without the mandatory State licenses. *Id.* ¶ 32-33. The Plaintiff alleges that he has suffered economic damages, damage to his credit, and emotional damages. *Id.* ¶ 69.

Martynuska filed a Complaint in the Circuit Court for Frederick County Maryland (ECF No. 2), asserting claims against National Payment Relief, Artasanchez, and Bucci for: (Count 1) violation of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201, *et seq.*; (Count 2) violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101, *et seq.*; (Count 3) violation of the Mortgage Fraud Protection Act, Md. Code Ann., Real Prop. § 7-401, *et seq.*; and (Count 4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*[4]

---

[4] Counts 1 and 3 were also originally asserted against Re/Max.

Re/Max crossclaimed against National Payment Relief, Artasanchez, and Bucci. ECF No. 11. On November 26, 2013, the Frederick County Circuit Court dismissed Re/Max from the case with prejudice. *See* Stipulation of Partial Dismissal with Prejudice, ECF No. 17. Then, Re/Max dismissed its crossclaim on December 5, 2013 (ECF No. 19).

Bucci originally moved to dismiss in the Circuit Court for Frederick County on December 20, 2013 (ECF No. 22). National Payment filed a Counterclaim against Martynuska on December 30, 2013 (ECF No. 2).

On January 28, 2014, Defendant Artasanchez removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. §§ 1331; 1441(c), to which Bucci and National Payment Relief consented (ECF No. 30). After the case was removed, Artasanchez also moved to dismiss (ECF No. 36).

The Plaintiff moved for partial summary judgment in his favor as to: (1) liability against National Payment Relief, Artasanchez, and Bucci; (2) National Payment's third affirmative defense; and (3) his own affirmative defenses I through III of his Answer to the Counterclaim (ECF No. 41).

STANDARD OF REVIEW

**A. Motion to Dismiss**

**1. Insufficient Service of Process**

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). If service is contested, the plaintiff "bears the burden of establishing its validity," pursuant to Rule 4. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); Fed. R. Civ. P. 4. "Generally,

when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service of process and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)).  Additionally, "[i]n cases removed to federal court, state law determines whether service of process was properly effected prior to removal." *Allen v. Shinseki*, No. WDQ-12-0269, 2012 WL 6111835, at *3 (D. Md. Dec. 7, 2012) (citation omitted).

### 2. Lack of Personal Jurisdiction

A nonresident defendant may be entitled to dismissal through a challenge to a district court's power to exercise personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763-64 (D. Md. 2009). "[T]he jurisdictional question is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  If jurisdiction turns on disputed facts, the court may hold an evidentiary hearing, or may defer ruling on the jurisdictional question until receiving relevant evidence at trial. *Id.*  However, if the court relies solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether the plaintiff has made a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993).

**B. Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

ANALYSIS

**I. Defendants' Motions to Dismiss**

  **A. Defendant Artasanchez**

   **1. Service of Process**

Defendant Artasanchez moves to dismiss, arguing that he has never been properly served in this case. Under Maryland law, service of process may be made on a defendant outside of Maryland "in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice." Md. Rule 2-121(a).

After Martynuska attempted unsuccessfully to serve Artasanchez, he moved the Circuit Court for Frederick County to effect service by other means. The Plaintiff's Motion for Alternative Service (ECF No. 18) was granted by the Fredrick County Circuit Court

8

(ECF No. 38-2).[5]  Accordingly, Martynuska, in compliance with that Order, sent the summons and Complaint to Artasanchez at four different addresses, including the address of National Payment Relief, an LLC in which he is a member. Although Artasanchez alleges that he did not live at any of these locations, and that there were various errors in the addresses, any such errors are not material to whether Artasanchez received actual notice of Martynuska's Complaint.

Artasanchez asks this Court to vacate the Order of the Frederick County Circuit Court. Artasanchez argues that this Court should require public posting of the summons and complaint at his residence in addition to mailing, as the trial court required in *Pickett v. Sears Roebuck & Co.*, 775 A.2d 1218 (Md. 2001). The Court of Appeals of Maryland in *Pickett* stated that "the court is free to customize a method of service based on the facts and circumstances restricted only by the need to be 'reasonably calculated to give actual notice' to the defendant." *Id.* at 80-81. The Circuit Court for Frederick County in this case determined that service by first class mail was sufficient. Thus, there is no reason to require the additional steps for service that Artasanchez requests. *Cf.* Md. Rule 2-121(b) ("When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."). Accordingly, Artasanchez's request to vacate the Order of the Circuit Court for Frederick

---

[5] The State Circuit's Court's Order was not included in the documents accompanying the Defendants' Petition for Removal, therefore the Motion for Alternative Service is still listed as pending in this Court. That Motion having already been granted, it is MOOT.

County (ECF No. 38-2) is denied.  Based on the Frederick County Circuit Court's Order, and the Plaintiff's compliance with it, Artasanchez has been properly served and given actual notice of the claims against him, in compliance with due process.  Therefore, his Motion to Dismiss on the ground of defective service of process will be denied.

### 2. Personal Jurisdiction

Defendant Artasanchez also moves for dismissal for lack of personal jurisdiction. Pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may assert personal jurisdiction over a nonresident in accordance with the law of the state in which the court is located.  *Synergics Energy Servs., LLC v. Algonquin Power Fund (Am.), Inc.*, No. ELH-13-2257, 2014 WL 2812230, at *7 (D. Md. June 20, 2014).  Personal jurisdiction may be either general or specific.  *Rao v. Era Alaska Airlines*, ___ F. Supp. 2d ___, 2014 WL 2215862, at *3-4 (D. Md. 2014) (noting that although less contact is required for specific jurisdiction than general, "both forms of jurisdiction require that the defendant purposefully avail itself of the privilege of conducting activities within the forum state") (citations and internal quotation marks omitted).  Therefore, as this Court has previously noted, its exercise of jurisdiction must:  (1) be authorized by the forum state's long-arm statute and (2) be consistent with due process.  *Haley Paint Co. v. E.I. DuPont de Nemours & Co. (In re Titanium Dioxide Antitrust Litig.)*, 775 F. Supp. 2d 790, 796 (D. Md. 2011) (citing *Carefirst of Md., Inc.*, 334 F.3d at 396).

Although Maryland courts interpret the state long-arm statute coextensively with the Due Process Clause of the United States Constitution, the long-arm statute must still be examined as part of the two-step personal jurisdiction analysis.  *In re Titanium Dioxide*

*Antitrust Litig.*, 775 F. Supp. 2d at 796 (citing *Carefirst*, 334 F.3d at 396; *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006)). A plaintiff must specifically identify a provision in a Maryland statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 704 n.1 (D. Md. 2004).

Maryland's long-arm statute provides,

A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply goods, food, services, or manufactured products in the State;
(3) Causes tortious injury in the State by an act or omission in the State;
(4) Causes tortious injury in the State or outside the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food services, or manufactured products used of consumed in the State;
(5) Has an interest in, uses, or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

A court may exercise specific jurisdiction if (1) the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985); *Cole-Tuve*,

*Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 366 (D. Md. 2004). With respect to whether the defendant "transacts any business or performs any character of work or service in the State," "[c]onsideration of personal jurisdiction under subsection (b)(1) necessarily invokes the limitation in subsection (a) that the cause of action arise from an act enumerated in (b)(1)," which "require[s] that some purposeful acts have been performed by the defendant in Maryland in relation to one or more elements of the cause of action." *Catalana v. Carnival Cruise Lines, Inc.*, 618 F. Supp. 18, 21 (D. Md. 1984), *aff'd*, 806 F.3d 257 (4th Cir. 1986) (citations, internal quotation marks, and alterations omitted).

The Plaintiff argues that Defendant Artasanchez is subject to this Court's jurisdiction because he transacts business in Maryland under section 6-103(b)(1) and he caused tortious injury by an act or omission in the State under section 6-103(b)(3). The Plaintiff lists several of Artasanchez's contacts with Maryland, including personally contacting Martynuska and demanding payment, hiring a lawyer and initiating a foreclosure action while ostensibly negotiating with the Martynuska, communicating with Martynuska's agent, Wendy Cottrell, retaining the Unknown Eviction/Cleaner Company to evict the Plaintiff, and representing himself as the Plaintiff to J.P. Morgan Chase in an attempt to obtain payoff amount information as to the first mortgage.

The most salient of these allegations are that Artasanchez, during a business transaction, pretended to negotiate with the Plaintiff so that the foreclosure suit could be filed without impediment and that he impersonated the Plaintiff in communicating with J.P. Morgan Chase. These allegations, which must be taken as true at this stage, are the basis for the Plaintiff's claim that Artasanchez caused tortious injury to the Plaintiff in Maryland, and

subject Artasanchez to jurisdiction in this Court under subsections (b)(1) or (b)(3). *See Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 878 A.2d 567, 582 (Md. 2005) ("If the defendant's contacts with the forum state form the basis for the suit," a plaintiff may establish specific jurisdiction over the defendant.) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003))). Moreover, this Court notes that, although Artasanchez was not a plaintiff in the foreclosure action, when combined with the other factual allegations in the Amended Complaint, the filing of that suit in the Circuit Court for Frederick County also shows purposeful availment. *See Neuralstem, Inc. v. StemCells, Inc.*, 573 F. Supp. 2d 888, 898 (D. Md. 2008) ("StemCells purposefully availed itself of the privileges and benefits of this forum by voluntarily filing the 2006 Maryland action, which involves the same parties and is related to the same transaction or occurrence as the instant matter."). Based on the totality of the Plaintiff's allegations, this Court's exercising personal jurisdiction over Artasanchez comports with due process under the United States Constitution.

Finally, Artasanchez argues that the Maryland fiduciary shield doctrine applies such that this Court's personal jurisdiction does not reach him. *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 767 (D. Md. 2009). As set forth by this Court, "[t]he fiduciary shield doctrine protects an individual who acts in a state solely as the representative of a corporation from suit in that state." *Id.* The doctrine does not apply if the individual is the alter ego of the corporation or if the individual has a "substantial interest" in the corporation. *Id.* (citing *United States v. Undetermined Quantities of Articles of Drug*, 145 F. Supp. 2d 692 706 (D. Md. 2001)). "Furthermore, courts have held that, because section (b)(1) of

the long-arm statute purports to authorize jurisdiction to the peripheral limits of due process, the fiduciary shield doctrine does not apply when personal jurisdiction is based upon this provision." *Id.*

The fiduciary shield doctrine does not apply to Artasanchez for several reasons. First, as the managing member of the LLC, he has a substantial interest in Defendant National Payment Relief. Second, this Court has jurisdiction over him pursuant to section 6-103(b)(1) of the Courts and Judicial Proceedings Article, which nullifies that fiduciary shield. Third, the alleged tortious conduct outlined in the Complaint is by definition outside the scope of any action properly taken on behalf of the corporate entity. Thus, Artasanchez is subject to this Court's jurisdiction and his Motion to Dismiss accordingly will be denied.

### B. Defendant Bucci

#### 1. Service of Process

Defendant Bucci also moves to dismiss for insufficiency of process. She argues that serving the receptionist at her office building was insufficient under Maryland and Pennsylvania law. Maryland law allows service of process on a defendant outside the State in a manner prescribed by the foreign jurisdiction if reasonably calculated to give actual notice. Md. Rule 2-121(a)(1). Under Pennsylvania law, process may be served "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii). A "person for the time being in charge' of any office or usual place of business for purposes of Pennsylvania Rule of Civil Procedure 402 must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her

representation of authority, as evidenced by the affidavit of service." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 485-86 (3d Cir. 1993).

On October 21, 2013, the Plaintiff's process server served a copy of the summons and Complaint on Mary Waclawsky, a receptionist at the office building at 600 W. Germantown Pike, Plymouth Meeting, Pennsylvania, where National Payment Relief's office was located. An outside company managed the building and employed Ms. Waclawsky. There were several other businesses located at 600 W. Germantown Pike and Ms. Waclawsky is not alleged to be a National Payment Relief employee. ECF No. 22. Bucci asserts that she has never met Waclawsky.

On an Affidavit of Service dated October 22, 2013, the process server listed the recipient as Mary Waclawsky, her company as "600 W Germantown Pike Suite 400" and her title as "receptionist." Then, the Plaintiff attached to his Opposition to Bucci's Motion to Dismiss an Updated Affidavit of Service, ECF No. 25. The Updated Affidavit, also dated and notarized October 22, 2013, added that "receptionist stated she was authorized to accept service." *Id.*

Because Waclawsky is an employee of the management company and not National Payment Relief, there is apparently no direct connection between Waclawsky and Bucci. However, the process server amended his Affidavit of Service to denote that Waclawsky represented to him that she had authority to accept service. Despite this irregularity, this Court concludes that the Plaintiff has met his burden to show that service was effected on Bucci in a manner reasonably calculated to give actual notice, in compliance with Maryland and Pennsylvania law. Although Maclawsky served as the receptionist for an office building

that houses many businesses, and worked for the building management company, as opposed to an individual tenant business, the process server determined based on her representation that she was authorized to accept service on behalf of the business in Suite 400 of the building, National Payment Relief.[6]  Therefore, Bucci has been properly served. Accordingly, Defendant Bucci's Motion to Dismiss for insufficient service of process will be denied.

### 2. Lack of Personal Jurisdiction

Defendant Bucci argues in the alternative that even if she had been properly served, this Court does not have personal jurisdiction over her.  The Plaintiff argues that Bucci, similarly to Artasanchez, is subject to jurisdiction under Md. Code Ann., Cts. & Jud. Proc. §§ 6-103(b)(1) and 6-103(b)(3).  The allegations in the Amended Complaint regarding Bucci include that she sent emails to Martynuska's agent, and signed and mailed foreclosure documents.  Martynuska alleges that Bucci acted tortiously in playing a role in the scheme to deny him a loan modification so that his house could be foreclosed upon and sold. *See, e.g.*, Aff. of Sandra Fouche of Re/Max ¶ 4, ECF No. 25.  He also alleges that she tortiously evicted him from the Property and unlawfully deprived him of personal property. Additionally, Martynuska alleges that Bucci took an active role in the foreclosure lawsuit against him in the Circuit Court for Frederick County, Maryland.  Taking these factual allegations as true, the Plaintiff has met his burden to show that Defendant Bucci is subject to jurisdiction under subsections 6-103(b)(1) and (b)(3).  Moreover, it would not offend

---

[6] Defendant Bucci argues that the Affidavit of Service is hearsay that is inadmissible to establish proper service.  This Court notes that the Affidavit would at the least be admissible as a business record under the exception to the hearsay rule in Rule 803(6) of the Federal Rules of Evidence.

traditional notions of fair play and substantial justice for Bucci to answer the claims against her in this Court. Accordingly, subjecting Bucci to this Court's jurisdiction comports with due process.

Additionally, as with Defendant Artasanchez, the fiduciary shield doctrine does not apply. Defendant Bucci is a member of the LLC and was a party who personally initiated contact with the Plaintiff and his agent, negotiated terms, and signed agreements. *See CoStar Realty Info., Inc.*, 604 F. Supp. 2d at 767 ("'It would violate a sense of fairness to permit [Defendant] to solicit, negotiate, and consummate corporate business in Maryland in which [she] personally had so direct and substantial an interest and then allow [her] to avoid responding in Maryland to legal charges.'" (quoting *Undetermined Quantities of Articles of Drug*, 145 F. Supp. 2d at 706)). In making business transactions involving National Payment Relief, Bucci is alleged to have acted tortiously, and that conduct is directly connected to the claims asserted in the Complaint. Therefore, Defendant Bucci's Motion to Dismiss will be denied.

**II.     Plaintiff's Motion for Partial Summary Judgment**

The Plaintiff moves for summary judgment as to (1) liability against Defendants National Payment Relief, Artasanchez, and Bucci; (2) National Payment's third affirmative defense; and (3) his own affirmative defenses I through III of his Answer to the Counterclaim (ECF No. 41). In their Combined Opposition (ECF No. 42), the Defendants do not provide any argument or evidence to rebut the facts alleged by the Plaintiff, with the exception that they argue that discovery is needed to establish whether the mortgage at issue is a consumer debt as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §

1692a(5). Martynuska, attached to his Reply, submits an affidavit attesting that the proceeds of the mortgage loan were used solely for personal and household purposes. In light of this evidence, the Defendants have not shown why discovery on this particular issue is necessary at this juncture pursuant to Rule 56(d). Nevertheless, it would be premature to grant summary judgment as a matter of law as to many issues at this stage of the case. Thus, case management concerns and interest in judicial efficiency dictate that discovery commence, and summary judgment issues be raised at discovery's completion. Accordingly, this Court will deny the Plaintiff's Motion for Partial Summary Judgment (ECF No. 41) without prejudice to re-file at the close of discovery.

## CONCLUSION

For the reasons stated above, Defendant Rosalie Bucci's Motion for Leave to File a Reply Brief (ECF No. 37) is GRANTED, Defendant Rosalie Bucci's Motion to Dismiss for Insufficiency of Service of Process or in the Alternative for Lack of Personal Jurisdiction (ECF No. 22) is DENIED, Defendant Alberto Artasanchez's Motion to Dismiss for Insufficiency of Process or in the Alternative for Lack of Personal Jurisdiction (ECF No. 36) is DENIED, and the Plaintiff's Motion for Partial Summary Judgment (ECF No. 41) is DENIED WITHOUT PREJUDICE.

A separate Order follows.


Dated: August 22, 2014                                   /s/
                                                          Richard D. Bennett
                                                          United States District Judge